# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**CAMPBELL FARMING**
**CORPORATION, d/b/a**
**CAMPBELL CORPORATION, a**
Montana Corporation,

           **Plaintiff,**

**vs.**                                                               **Civ. No. 07-837 JCH/DJS**

**RICK LEON,**
           **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on two motions: Defendant's *Motion for Judgment on the Pleadings* [Doc. no. 6], and Plaintiff's *Motion for Leave to File Amended Complaint* [Doc. no. 11]. The Court finds that Plaintiff's motion to amend its complaint is well taken, and that the amended complaint renders Defendant's motion for judgment on the pleadings moot. Therefore, Plaintiff's motion is granted and Defendant's motion is denied.

## BACKGROUND

Plaintiff Campbell Farming Corporation, d/b/a Campbell Corporation ("Campbell Corp.") filed its initial complaint against Defendant Rick Leon ("Leon") on August 27, 2007 [Doc. no. 1]. The complaint cites causes of action against Leon for breach of contract, breach of fiduciary duty, and breach of other obligations that all arose from an employment agreement allegedly entered into between Campbell Corp. and Leon. According to the complaint, Leon was hired in order to help develop a proposal to enable Campbell Corp. to acquire certain commercial real estate in New Mexico. Plaintiff attached to its complaint a copy of the alleged employment agreement.

[Doc. no. 1, Ex. A]. The document, captioned "Employment Letter," contained Leon's signature, as well as that of Robert M. Gately as President of the Capital Management Consulting Group ("CMCG").

In his *Memorandum in Support of Motion for Judgment on the Pleadings* [Doc. no. 7], Leon contends that he could not have breached any duties to Campbell Corp. because his employment agreement was only with CMCG. He argues further that CMCG, a Nevada Limited Liability Corporation, must be seen as a separate entity from Campbell Corp., a Montana Corporation, and that his duties to CMCG, if any, cannot be imputed to Campbell Corp.

In its *Response in Opposition to Defendant's Motion for Judgment on the Pleadings* [Doc. no. 10], Plaintiff asserts that it is a third-party beneficiary of the contract between Leon and CMCG, because any work done by Leon for CMCG was to inure to the benefit of CMCG's parent, Campbell Corp., in Campbell Corp.'s attempts to acquire the target commercial property. Plaintiff argues that, as an intended third-party beneficiary to the contract, it may recover damages under any of its claims even if it was not a direct party to the employment contract with Defendant.

On the same day that it filed its opposition to Defendant's motion for judgment on the pleadings, Plaintiff also filed a *Motion for Leave to Amend Complaint* [Doc. no. 11]. The amended complaint sought to add CMCG as a plaintiff and to clarify the business relationships between Campbell Corp., CMCG, and Leon. Campbell Corp. claims that if the Court allows it to add CMCG as a plaintiff, Defendant's motion for judgment on the pleadings will be moot. Defendant filed a *Response in Opposition to Plaintiff's Motion to Amend Complaint* [Doc. no. 13], arguing that adding an additional plaintiff would not cure the flaw in the initial complaint, namely that Leon did not have a contract with Campbell Corp., and that Leon would be

prejudiced if the motion to amend is granted.

## DISCUSSION

      A.      <u>Motion to Amend Complaint</u>

Fed. R. Civ. P. 15(a)(2) provides that, after the time for amending the pleadings as a matter of course has passed, a party may amend its pleadings "only with the opposing party's written consent or the court's leave." The decision whether to allow a proposed amendment after the permissive period is within the discretion of the court. *See Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). However, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and leave should be granted freely "if it appears at all possible that the plaintiff can correct the defect." *Triplett v. LeFlore County*, 712 F.2d 444, 446 (10th Cir. 1983). In fact, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

In this case, Plaintiff filed its motion to amend on October 22, 2007, the same day it filed its response to Defendant's motion for judgment on the pleadings. At that early stage of the case, no scheduling order had been entered, no discovery had commenced, and the deadlines for amending pleadings or adding parties had yet to even be set. Thus, the motion was not untimely or made after undue delay. Nor has Defendant made any allegation or showing that the motion was made in bad faith or with a dilatory motive. Additionally, because this would be Plaintiff's first amended complaint, the potential issue of failure to cure deficiencies by amendments previously allowed is not applicable.

Allowing the amendment would not be futile.  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal," *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004), or if it fails to state a claim upon which relief may be granted.  *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992).  The facts alleged by CMCG would support its causes of action if proven, and therefore state a claim upon which relief may be granted.

Despite alleging that he will be prejudiced if the motion to amend is granted, Defendant has made no showing of the type of undue prejudice that would prevent this Court from granting the motion.  Courts generally only find prejudice when an amendment unfairly affects a defendant's ability to prepare a defense to the amendment, which most often "occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."  *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006).  In the amended complaint at issue here, the facts pled, causes of action, and relief sought all remain the same as in the initial complaint.  The amendment would only add Campbell Corp.'s subsidiary as a plaintiff, enabling Campbell Corp. to address what was arguably a mistake in its initial pleading by adding the party that actually signed the employment letter at issue.[1]  By being allowed to amend its complaint, Plaintiff will now be able to have its case heard on the merits rather than being shut out because of a possible pleading misstep.  This is in keeping with the purpose of Fed. R. Civ. P. 15(a), which is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."  *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp*., 691 F.2d 449, 456 (10th Cir.

---

[1] Because the addition of CMCG as a plaintiff renders moot Defendant's motion for judgment on the pleadings, the Court need not address at this point whether Campbell Corp.'s third-party beneficiary theory would enable it to be a proper plaintiff standing alone.

1982)).

      B.      <u>Motion for Judgment on the Pleadings</u>

Defendant sought judgment on the pleadings claiming that Campbell Corp. was not a party to the employment letter in question, and therefore had no cause of action for breach of contract, breach of fiduciary duty, or any other alleged breach. The addition of CMCG as a plaintiff renders Defendant's motion moot, because CMCG clearly was a party to the employment letter in question. In his *Reply Brief in Support of Defendant's Motion for a Judgment on the Pleadings* [Doc. no. 12], Defendant claims that, even if the Court grants Plaintiff's motion to amend, his motion for judgment on the pleadings is not moot and he is still entitled to dismissal of every count of the initial complaint. This argument is unavailing because once the motion to amend the complaint is granted, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party must be directed at the amended pleading. *See Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion for Leave to File Amended Complaint* [Doc. no 11] be GRANTED, and that Defendant's *Motion for Judgment on the Pleadings* [Doc. no. 6] be DENIED.

                                                    _____
                                                    **UNITED STATES DISTRICT JUDGE**